IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SAMUEL LEE COLE,
TERRE M. VARDMAN, Bankruptcy Trustee,                    PLAINTIFFS

V.                                                       NO. 1:05CV303-M-D

XLIBRIS, et al.,                                         DEFENDANTS

## MEMORANDUM OPINION

This copyright infringement complaint was filed on November 21, 2005, by the Plaintiff, Samuel Cole, who is proceeding *pro se*.[1] Presently pending before the court are Defendants' motions to dismiss.

Defendant Xlibris is a self book publishing company, commonly referred to as a vanity press, which assists authors in printing and distributing books for a fee. Based on the two paragraph complaint and attachments, it appears as though Plaintiff entered into a contract with Defendant Xlibris to publish his book, Out of the Darkness of Despair. At some point which cannot be determined by the pleadings, Plaintiff became dissatisfied with the service he received from Xlibris. As a result, Plaintiff states that he "decided to fire [Xlibris] and associates as representatives of [his] copyright." Plaintiff accuses Defendant Amazon of "annoying him" because his name was not used correctly. Further, Plaintiff avers that Xlibris, Ingram[2] and Amazon have "exploited the copyright by identity theft."

Given the complicated nature of an infringement claim and upon Defendants' motion, the court ordered Plaintiff to provide a more definite statement of the "who, what, when, where, and how." The court's order was carefully drafted in consideration of Plaintiff's lack of legal training

---

[1] On August 8, 2006, Plaintiff filed for Chapter 13 bankruptcy and Terre M. Vardaman was named as Plaintiff's bankruptcy trustee. Ms. Vardeman has informed the court that the bankruptcy estate has no intention of pursuing this matter.

[2] Plaintiff has not included any specific allegations against Defendant Ingram.

or experience. The order contained six "minimum" elements that should be addressed by the Plaintiff, each of which were fully and simply explained. Yet, Plaintiff's response, which is best described as rambling, failed to coherently discuss even the minimum requirements set forth in the order.

As best the court can glean from the record, this case presents little more than a customer service complaint that could have been resolved without involving the court. Plaintiff laments about his dissatisfaction with Xlibris' services but attempts to characterize his grievances as copyright infringement. Plaintiff's use of the phrase "copyright infringement," however, does not make it so. To the contrary, the fact that Plaintiff had an "agreement" with Xlibris to publish and distribute his book tends to negate any copyright infringement claim. Additionally, the only specific allegation against Amazon is the incorrect use of Plaintiff's name which "annoyed" him. Such grossly deficient pleading can hardly form the basis of a cause of action for infringement.

Accordingly, having thoroughly reviewed the record in this case and liberally construed the complaint, the court finds that Plaintiff has failed to provide a more definite statement. More importantly, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Defendants' motions to dismiss shall be granted.

A separate order in accordance with this opinion will be entered.

THIS the 31st day of March, 2008.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**